IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
THE BURLINGTON INSURANCE      )
COMPANY, FIRST FINANCIAL      )
INSURANCE COMPANY, and        )
BURLINGTON INSURANCE GROUP,   )
INC.,                         )
                              )
     Plaintiffs,              )
                              )
     v.                       )    1:99CV00334
                              )
TRYGG-HANSA INSURANCE         )
COMPANY AB,                   )
                              )
     Defendant.               )
```

MEMORANDUM OPINION AND ORDER

OSTEEN, District Judge

Pending before this court are two motions from Plaintiffs The Burlington Insurance Co., First Financial Insurance Co., and Burlington Insurance Group, Inc. (collectively, "Plaintiffs"). Plaintiffs move for reconsideration of and relief from this court's May 16, 2006, order and judgment ("May 16 ruling"). The May 16 ruling granted Defendant Trygg-Hansa Insurance Co. AB's ("Defendant") motion to confirm an arbitration award and vacate a prior judgment. For the reasons stated below, the court will deny Plaintiffs' motions.

I. **FACTUAL BACKGROUND**

The full background of this case is reported in this court's May 16 ruling. In short, the case involves two arbitration

awards that have common facts. Further relevant facts for this motion are as follows.

Plaintiffs moved on December 31, 2001, to disqualify Robert Green ("Green") from the second arbitration panel because of his alleged bias against Plaintiffs in favor of Defendant. Green participated in both arbitrations. Because Plaintiffs' motion preceded the second arbitration panel's award, this court's April 19, 2002, Memorandum Opinion and Order denied Plaintiffs' motion. The opinion held, under these facts, this court could not entertain pre-award challenges to an arbitrator's bias; such a ruling was premature.

Years later, this court faced divining the relationship between the first and second arbitration awards. The issue was whether the second award offset the first award. In one of Plaintiffs' memoranda of law submitted for the court's consideration, Plaintiffs stated the following: "If the [c]ourt concludes, as [Defendant] contends, that the [second a]rbitration . . . panel intended to effect a reduction of or setoff against the [first a]rbitration . . . [a]ward and [j]udgment, then the [c]ourt should vacate the [second a]rbitration . . . [a]ward." (Pls.' Mem. (I) Opp'n Def.'s Cross-Mot. Order Vacating Previously Entered J. & (II) Further Supp. Pls.' Mot. Order Lifting Stay Previously Entered J. at 26.) Buried in a footnote to that sentence, Plaintiffs stated the following: "Under the scenario posited, Plaintiffs also <u>would renew their motion to disqualify Mr. Green</u>, [Defendant]'s appointed arbitrator who sat on both

2

arbitration panels, because he was not a disinterested, unbiased arbitrator and his prejudice affected the outcome of the second arbitration proceeding." (Id. at 26 n.4 (emphasis added).)

On April 3, 2006, this court held a teleconference with all parties. At that conference, the court stated its intent to hold the second award offset the first and, thus, to vacate the judgment entered under the first award. The court requested the parties submit a joint statement on what the proper interest calculation should be under the second arbitration award's terms. Plaintiffs moved to conduct discovery on the arbitration panel to substantiate grounds for vacating the second arbitration award following the conference, a motion that this court denied. Even with that denial, Plaintiffs contacted Marvin Cashion, the second panel's umpire who, additionally, did not respond to this court's question that sought clarification of the second arbitration award.[1]

After this court confirmed the second arbitration award and vacated the first, Plaintiffs further communicated with umpire Cashion. On June 28, 2006, Plaintiffs' representative spoke with Cashion about the soundness of this court's May 16 ruling. Cashion allegedly stated that this court was incorrect, and Plaintiffs' sought an affidavit to that effect. Plaintiffs received an email. Cashion's email states that, when the parties

---

[1] The court, in divining the relationship between the first and second awards, sent a question to all panel members, which all received. Cashion never responded. Plaintiffs have posited in other submissions that Cashion lost his question.

3

sought clarification over a year ago, the panel did not clarify that award for various reasons.[2]

Plaintiffs now argue two reasons to reconsider or vacate the May 16 ruling. Plaintiffs complain that this court's final order and judgment did not consider a renewed motion concerning Green's bias. Further, Plaintiffs argue that recently "discovered" evidence, Cashion's conversation and email, shows that the two responses this court received to its question "did not . . . speak for the full panel[] and . . . were not meant to clarify or elaborate on the [s]econd [a]ward." (Mem. Law Supp. Pls.' Mot. Relief Ct.'s & and J. at 3.)

## II. ANALYSIS

Plaintiffs move under Federal Rules of Civil Procedure 59 and 60 for reconsideration of the court's final order and judgment. Plaintiffs first argue that this court's failure to address Green's bias occurred through "mistake" or "inadvertence," Fed. R. Civ. P. 60(b), or created grounds to amend the judgment, see Fed. R. Civ. P. 59(e), in order to "prevent manifest injustice," E.E.O.C. v. Lockheed Martin Corp., Aero & Naval Sys., 116 F.3d 110, 112 (4th Cir. 1997). Plaintiffs next argue Cashion's recent conversation and email disagree with the court's May 16 ruling. Under Rule 60(b), this information is "newly discovered evidence" that mandates relief. Both of these

---

[2]After the second award but before seeking to confirm the award in this court, Defendant sought clarification on the second award's language.

rulings are matters within this court's discretion.  See Lockheed Martin, 116 F.3d at 112 (Rule 59); National Org. for Women v. Operation Rescue, 47 F.3d 667, 669 (4th Cir. 1995) (Rule 60).

The court first considers Plaintiffs' motion as to Green's bias.  According to Plaintiffs, they made substantive arguments about Green's bias, which the May 16 ruling failed to consider.  "The absence of consideration evidences 'mistake' or 'inadvertence' on the [c]ourt's behalf resulting in an injustice upon which this [c]ourt's May 16 [o]rder must be reconsidered."  (Pls.' Mem. Law Supp. Mot. Reconsideration at 5 (emphasis added).)

The absence of discussion of this "motion" was not a mistake.  The court's May 16 ruling addressed all of the properly presented motions.  Under Local Rule 7.3(a), "[a]ll motions . . . shall be in writing and shall be accompanied by a brief . . . . Each motion shall be set out in a separate pleading."  L.R. 7.3(a) (emphasis added).  Plaintiffs failed to file such a motion regarding disqualification.[3]  Also, Plaintiffs point to a prior memorandum of law as raising the matter.  Plaintiffs' text states, "Plaintiffs also would renew" a motion for disqualification if certain facts arise.  (Pls.' Mem. (I) Opp'n Def.'s Cross-Mot. Order Vacating Previously Entered J. & (II) Further Supp. Pls.' Mot. Order Lifting Stay Previously Entered J.

---

[3]Plaintiffs' December 31, 2001, motion, which was a motion to disqualify Green, had already been decided by this court, though on other grounds.

5

at 26 n.4 (emphasis added).)  Such language suggests not only a
<u>possibility</u> of renewal but also that Plaintiffs, if the court
were to hold that setoff was appropriate, would go through proper
motion practice to bring the issue to the court's attention.  The
court did not consider this footnote, buried in a supporting
<u>brief</u>, as being a "conditional motion" in which the court would
be responsible for reviving Plaintiffs' motion and its brief.

Upon learning the court would hold setoff appropriate,
Plaintiffs filed only a motion for further discovery upon the
second arbitration panel, which this court denied.  Plaintiffs
requested examination of Green.[4]  The motion covered discovery,
not disqualification of Green.  Thus, the May 16 ruling did not
address Green's disqualification because it was not before the
court.  Under these circumstances, especially given that both
sides are well represented by counsel, the court sees no grounds,
under Rules 59 and 60, for reconsideration of the May 16 ruling.

The court next considers Plaintiffs' second motion.
Plaintiffs argue that Cashion's June 28, 2006, statement and

---

[4]The opening paragraph to the motion states:

In light of the [c]ourt's suggestion to the
parties concerning the pending cross-motions concerning
the arbitral award of May 24, 2005 . . ., Plaintiffs
. . . <u>hereby renew their motions to conduct an inquiry
into the clarification</u> question presented to the
arbitration panel . . . .

(Pls.' Renewed Motion Further Discovery at 1.)  Paragraph five of
that motion alludes to Green's bias, but only to the extent such
possible bias justifies further discovery.  Nothing suggests a
renewed motion for disqualification.

6

email, precipitated by Plaintiffs' post-judgment communications with the arbitral panel, created newly discovered evidence showing this court's judgment to be manifest error. Plaintiffs argue Cashion's statements and email show the whole panel, as a result of the court's clarification letter, can clarify the award. Thus, sending a letter to each panel member cannot clarify the ambiguous award.

Cashion's email states:

> The Panel has conferred on counsel's request. It's [sic] determination on this is as follows:
>
> In July[] 2005, the Panel advised counsel, in response to requests to elaborate on prior rulings of the Panel, that (a) it did not have the capacity to elaborate further; (b) were it to do so, it might violate the spirit of the confidentiality agreement; and (c) it might implicate the terms of the hold harmless and indemnification agreement. Relying on prior discussions and in the award and communications authored in July of 2005, the Panel deems it inappropriate to clarify or elaborate further.

(Mem. Law Supp. Pls.' Mot. Relief Ct.'s Order & J. at 3.) Plaintiffs argue that this email is new evidence: "This new evidence mandates that the [c]ourt vacate the May 16 Order and seek [further] clarification . . . [that] was not provided by the arbitration panel." (Id. at 4.)

The evidence does not affect the case. This is simply a restatement of the arbitration panel's belief as to its power to clarify an award. Plaintiffs do not show anything in the arbitration agreement or in the Federal Arbitration Act showing that this court cannot order clarification of an ambiguous award even though one arbitration member, who did not respond to the

7

court's inquiry, purports to say the panel does not believe it has the power to clarify an award. This court, acting under the FAA, had authority to seek clarification of an award, created a procedure with party input, and sent simply worded questions to the arbitrators. Two responded. The court entered judgment based on those responses, the award's language, and any relevant surrounding circumstances.[5] Plaintiffs' quest to overturn this ruling has produced not only no new evidence that is dispositive but also no grounds for reconsideration or vacation.

### III. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Plaintiffs The Burlington Insurance Co., First Financial Insurance Co., and Burlington Insurance Group, Inc.'s motion for reconsideration [237] is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' motion for relief from this court's order and judgment [243] is DENIED.

This the 1st day of September 2006.

                                              /s/ Bullock
                                              United States District Judge

---

[5] Contrary to Plaintiffs' assertion, the court's May 16 ruling was not "entirely driven by th[e] responses" from the arbitral panel. (Mem. Law Supp. Pls.' Mot. Relief Ct.'s Order & J. at 3.)